HeNRY G. Smith, J.,
delivered the opinion of the Court.
B. F. White borrowed from . McFerrin & Menifee, in Ohio, $6,000, and executed to them his note, at twelve months from February 3, 1866, for $7,800, and with his wife, Fannie C. White, executed to"1; McFer-rin & Menifee, the mortgage of a lot, the property of .the wife, in Tennessee, to secure the payment of the note.
The note having fallen due, and remaining unpaid, McFerrin & Menifee exhibit this bill against White and wife, to foreclose the mortgage.
The Chancellor decreed, that the lot be sold, to pay the $6,000, and legal interest, six per cent. From this decree, an appeal is taken by the defendants to this Court.
The objection urged by White and wife against the decree, is, that the mortgage deed is void, because of its being given to secure a note, the consideration of which was, in part, usurious.
If the note be void, the security given for it, is also void. But if the note be valid to some extent, the security is valid to the same extent.
*501 Tbe usury does not appear upon tbe face of tbe note. In sucb case, tbe law is understood in this State, to be, that tbe note is valid to tbe extent of tbe money actually loaned and legal interest thereon, and voidable only as to the usurious excess. Tbe courts enforce tbe contract evidenced by the note, to the extent of tbe money loaned, and tbe legal interest.
Sucb, also, we understand to be tbe law of Ohio, where tbe note was made.
Many cases have been cited to our attention, wherein tbe courts have refused to enforce a security given for a contract, tainted to some extent with usury. Most of those cases have been examined. They stand upon tbe law of tbe country wherein adjudged, that tbe usurious consideration, in part, vitiates and makes void the whole note or other contract. Where tbe law is so held as to tbe principal contract, it must be held of course that tbe collateral security is void. If tbe principal contract be void, tbe security must be void also.
Tbe fact that tbe wife was tbe owner of tbe lot mortgaged, constitutes no defense to a bill to foreclose. A wife may mortgage her lands, to secure tbe debt of her husband, and tbe mortgage will be valid, though no consideration passed to tbe wife.
Affirm the decree of tbe Chancellor.